IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

ARCH COAL, INC., and
ICG BECKLEY, LLC

        Plaintiffs,                        Case No.: 5:18-cv-00064

vs.

PETERS EQUIPMENT COMPANY, LLC, and
MICRONICS ENGINEERED FILTRATION GROUP, INC.

        Defendants.

---

## COMPLAINT

NOW COME Plaintiffs, Arch Coal, Inc. and ICG Beckley, LLC by and through the undersigned counsel, and for their Complaint upon Defendants Peters Equipment Company, LLC, and Micronics Engineered Filtration Group, Inc. state as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Arch Coal, Inc. (hereinafter "Arch"), is a Missouri corporation with its principal place of business in St. Louis, Missouri. Arch is a public holding company that is the ultimate and indirect parent corporation of Plaintiff ICG Beckley, LLC.

2.     ICG Beckley, LLC (hereinafter "Beckley") is a Delaware limited liability company that owns and operates a coal mine and coal preparation plant in Eccles, West Virginia (hereinafter the "Loss Site"). The subject of this litigation is damage to the Loss Site and other damages arising therefrom.

3.     Upon information and belief, Defendant Peters Equipment Company, LLC (hereinafter "Peters"), is a Virginia Corporation with its principal place of business in Bluefield, Virginia.

1

4.      Upon information and belief, Defendant Micronics Engineered Filtration Group, Inc. (hereinafter "Micronics"), is a New Hampshire corporation with its principal place of business in Portsmouth, New Hampshire.

5.      Federal subject matter jurisdiction is based upon 28 U.S.C. § 1332(a) in that there is complete diversity between Plaintiffs and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      The events and omissions giving rise to Plaintiffs' causes of action occurred in this federal district. Venue is proper pursuant to 28 U.S.C § 1391(b).

## FACTUAL ALLEGATIONS

7.      At all times relevant, Beckley operated the loss site located at 2221 Old Eccles Road in Eccles, West Virginia 25836.

8.      On or about June 29, 2012, Plaintiffs purchased a Micronics Filter Press Model TR200DA16-F (the "Press") from Defendant Peters for purposes of dewatering froth flotation (coal slurry water) product.

9.      The press has two ends: the feed head and the cross head. The feed head feeds the coal slurry water into the Press and the cross head provides the hydraulic clamp action.

10.      The cross head and the feed head enclose the filter elements by hydraulic force, pressing the product between filter plates, causing water to filter out of the coal slurry product, leaving behind only the excess coal product, known as coal cakes.

11.      Once the water is filtered out and the filters are full with the coal, the hydraulic pressure is relieved allowing the filter plates to separate and causing the coal cakes to discharge from the press.

2

12.     The press is designed with two sidebars that extend the length of the press, connecting the feed head to the cross head.

13.     The sidebars serve to support the filter plates and also contain the hydraulic pressure when the filter press is clamped.

14.     At the end of each sidebar, a notched hammerhead connection attaches the sidebar to the feed head and cross head (the "hammerhead").

15.     On or about December 31, 2012 and after completion of its installation, Beckley began utilizing the Press.

16.     After Plaintiffs discovered a number of defects and reported same to Defendant Micronics, Defendant Micronics' President and CEO, E. Richard Weiler, Jr., admitted that the filter press suffered from a number of design defects and committed to ensuring the press would operate as intended. [**Exhibit 1 – Commitment Letter from Micronics**]

17.     On or about April 22, 2014, Plaintiffs' employees discovered cracks in all four of the hammerhead sidebar connections.

18.     Plaintiffs notified Defendant Micronics of the cracks and immediately ceased use of the Press.

19.     Defendant Micronics agreed to replace the sidebars and their hammerhead connections at Defendant Micronic's cost with a higher grade of steel, upgrading the steel from A36 to A572, Grade 50.

20.     On or about December 8, 2014, Plaintiffs restarted the press.

21.     On or about May 23, 2016, a catastrophic failure occurred at one of the hammerhead connections that connected the side bar to the feed head.

3

22.    This catastrophic failure was due to a design defect wherein the cyclical nature of the press coupled with the stress concentration points within the hammerhead generated fatigue cracking that led to the failure of the connection.

23.    The failure resulted in substantial damage to the Loss Site, as well as a loss of profits from Beckley's inability to process coal slurry water.

### COUNT I – STRICT LIABILITY OF PETERS EQUIPMENT COMPANY

24.    Plaintiffs incorporate by reference paragraph 1 through 23 as if fully set forth herein.

25.    At all relevant times hereto, Defendant Peters was engaged in the marketing and sales of Micronics Filter Press Model TR200DA16-F.

26.    Defendant Peters marketed and sold the Micronics Filter Press Model TR200DA16-F to Plaintiffs, knowing it would be utilized in a coal processing plant for the purposes of dewatering coal slurry.

27.    Plaintiffs used the Micronics Filter Press Model TR200DA16-F in its reasonably foreseeable and intended manner.

28.    The Micronics Filter Press Model TR200DA16-F was defective and unreasonably dangerous when it entered the stream of commerce due to defective design rendering the Press unsafe.

29.    The Micronics Filter Press Model TR200DA16-F was defective in design because the design allowed the press' forces to exceed the material properties.  Particularly, the design of the hammerhead sidebar connections contained intrinsic stress concentrations that, when coupled with the forces and movement of the Press, caused the Press' materials to fail.

4

30.     This design defect was present in the Press at the time Defendant Peters sold the Press to Plaintiffs.

31.     On or about May 23, 2016, the design defect caused the catastrophic failure which destroyed the Press in a sudden and calamitous event.

32.     As a direct and proximate result of Defendant's sale of a defective and dangerous product, Plaintiffs sustained real property damages and losses in business profits.

WHEREFORE, Plaintiffs request entry of Judgment in their favor and against Defendant Peters, in an amount to be determined at trial, plus court costs, pre-judgment interest, and any other relief that this Court deems just and reasonable.

### COUNT II – STRICT LIABILITY OF MICRONICS

33.     Plaintiffs incorporate by reference paragraph 1 through 32 as if fully set forth herein.

34.     At all relevant times hereto, Defendant Micronics was engaged in the development, testing, manufacturing, marketing, and sales of the Defendant Micronics Filter Press Model TR200DA16-F.

35.     Defendant Micronics designed, manufactured, marketed, and sold the Micronics Filter Press Model TR200DA16-F, knowing it would be utilized in a coal processing plant for the purposes of dewatering coal slurry.

36.     Beckley used the Micronics Filter Press Model TR200DA16-F in its reasonably foreseeable and intended manner.

37.     The Micronics Filter Press Model TR200DA16-F was defective and unreasonably dangerous when it entered the stream of commerce due to defective design rendering the Press unsafe.

5

38.     The Micronics Filter Press Model TR200DA16-F was defective in design because the design allowed the press' forces to exceed the material properties.  Particularly, the design of the hammerhead sidebar connections contained intrinsic stress concentrations that, when coupled with the forces and movement of the Press, caused the Press' materials to fail.

39.     On or about May 23, 2016, the design defect caused the catastrophic failure which destroyed the Press in a sudden and calamitous event.

40.     As a direct and proximate result of Defendant Micronics' defective and dangerous design, Plaintiffs sustained real property damages and losses in business profits.

WHEREFORE, Plaintiffs request entry of Judgment in their favor and against Defendant Micronics, in an amount to be determined at trial, plus court costs, pre-judgment interest, and any other relief that this Court deems just and reasonable.

## COUNT III: NEGLIGENCE AGAINST DEFENDANT MICRONICS

41.     Plaintiffs incorporate by reference Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.     Defendant had a duty to exercise reasonable and ordinary care in the manufacture, design, testing, selling, marketing, and distribution, of the Micronics Filter Press Model TR200DA16-F.

43.     Defendant Micronics, by its agents, employees, and/or duly authorized representatives, breached this duty in one or more of the following ways:

   a. carelessly, negligently, and/or improperly failing to account for the stress concentrations contained within the hammerhead sidebar connections as a result of their design;

   b. carelessly, negligently, and/or improperly failing to account for the impact the movement and forces of the machine would have on the stress concentrations

6

contained within the hammerhead sidebar connection as a result of their design;

c.  carelessly, negligently, and/or improperly failing to account for the manner in which the upgraded A572, grade 50 steel of the sidebar and hammerhead sidebar connections would react to the stress load of the side bar;

d.  carelessly, negligently, and/or improperly failed to warn Arch that the press forces would exceed the material properties of the press, causing cracking in the sidebar connection;

e.  was otherwise careless and/or negligent as will be shown through the course of discovery.

44.    As a direct and proximate result of one or more of the foregoing acts or omissions, on or about May 23, 2016, the hammerhead sidebar connection fractured, causing a catastrophic release of force.

45.    As a result of this catastrophic failure, Plaintiffs sustained real property damages and losses in business profits.

WHEREFORE, Plaintiffs request entry of Judgment in their favor and against Defendants, jointly and severally, in a sum to be determined at trial, plus court costs, pre-judgment interest, and any other relief this Court deems just and reasonable.

PLAINTIFFS HEREBY DEMAND A JURY TRIAL.

Respectfully Submitted,

Andrew N. Frye, III, Esq. (WV Bar #9847)
Noonan and Noonan, LLC.
61 Greene Street
Cumberland, MD 21502
888-413-5076
301-759-4977 (Fax)
*Attorney for Plaintiffs*

7